UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Amara Harris )<br>    Plaintiff, )<br>c/o The Thomas Law Group )<br>525 N. Broadway, #575 )<br>Aurora, IL 60507 )<br>                v. )<br>CITY OF NAPERVILLE, ILLINOIS, )<br>A municipal corporation )<br> )<br>**SERVE ON:** )<br>Office of the City Attorney )<br>City of Naperville, Illinois )<br>400 S. Eagle Street )<br>Naperville, IL 60540 )<br> )<br>and )<br> )<br>Officer Juan Leon, ID #5439, individually, )<br>1350 Aurora Ave. )<br>Naperville, IL 60540 )<br> )<br>and )<br> )<br>Sgt. Jonathan W. Pope #5368, individually )<br>1350 Aurora Ave. )<br>Naperville, IL 60540 )<br>       Defendants. ) | **Case #: 1:24-CV-04196** |

**COMPLAINT**

      Plaintiff, Amara Harris, by and through her counsels, files this Complaint against Defendants, City of Naperville, Illinois, Juan Leon, and Sgt. Jonathan W. Pope, and for causes of action states as follows:

1

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and the Constitution and laws of the United States, as well as applicable statutes of the State of Illinois, to redress the deprivation under color of statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States and by Illinois law.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in this district.

3. This court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 as these claims arise out of the same set of operative facts and circumstances.

## PARTIES

4. At all times relevant to this Complaint, Plaintiff Amara Harris was a resident of Naperville, Illinois, and is a former student at Naperville North High School.

5. Defendant City of Naperville is a municipal corporation in the State of Illinois and is responsible for the actions of its employees, including officers of the Naperville Police Department.

6. Defendant Juan Leon is, and at all times mentioned herein was, a police officer employed by the Naperville Police Department as a school resource officer, acting under color of law.

7. Defendant Jonathan W. Pope is, and at all times mentioned herein was, a police officer employed by the Naperville Police Department as a school resource officer supervisor, acting under color of law.

## FACTUAL ALLEGATIONS

8. On December 4, 2019, Defendant Juan Leon charged Amara Harris with theft under a Naperville ordinance, alleging that Plaintiff stole another student's Air Pods. Officer Leon issued a citation attesting to the veracity and truthfulness of the allegations contained in the citation.

9. The City of Naperville refused to dismiss the unsubstantiated and untrue charges, and repeatedly tried to convince Miss Harris to merely pay the ticket, even though there was no evidence of theft by Miss Harris.

10. During a trial held in the DuPage County, Illinois Circuit Court, Defendant Juan Leon admitted under oath that he issued the ordinance violation citation against Plaintiff Harris without any proof to support the charge of theft having occurred, and based on his anger toward Plaintiff Harris's mother, because she would not speak with him concerning the allegation of theft.

11. In closing arguments at trial, the city prosecutor indicated that the decision to issue the ordinance violation was motivated by a lower burden of proof to establish liability.

12. After a two-day trial, a jury found Plaintiff not liable for the alleged theft.

13. Sgt. Jonathan W. Pope, the school resource officer supervisor failed to train and supervise school resource officers in constitutional policing, thereby enabling the establishment of a custom of illegal ticketing of students at Naperville North High School, including Amara Harris.

14. The Naperville Police Department has a documented history of improperly issuing tickets to students for minor infractions, and disproportionately targeting students of color and

other protected groups in the issuance of ordinance violation tickets as evidenced by public data from the school district.

15. The egregious conduct of the City of Naperville, Illinois through its Police Department has caused economic, emotional, and reputational harm to Plaintiff Harris.

## COUNT I:
### ABUSE OF PROCESS UNDER - 42 U.S.C. §1983
(Defendant Juan Leon and Sgt. Jonathan Pope)

16. Plaintiff repeats and realleges paragraphs 1 through 13 as if fully set forth herein.

17. Defendant Juan Leon, by issuing an ordinance violation without satisfying the statutory basis for issuance, and for improper purposes, engaged in an abuse of process.

18. Defendant Leon testified under oath at trial and admitted that he had no evidence that Miss Harris knew that the Air Pods were not hers when he issued the citation.

19. As a direct and proximate result, Plaintiff suffered damages, including but not limited to emotional distress, reputational harm, and legal costs.

## COUNT II:
### 42 U.S.C. §1983 - MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION
(City of Naperville)

20. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

21. Defendant City of Naperville, based on the improper actions of its police officers initiated, and continued legal proceedings against Plaintiff without probable cause and with malice.

22. At trial, the city's prosecutor argued that Officer Leon could have chosen to charge theft under state statute but chose the lower burden standard of an ordinance violation.

23. The proceedings terminated in favor of Plaintiff, demonstrating the absence of liability under a preponderance of the evidence standard.

24. Plaintiff suffered economic and emotional damages as a direct result of the malicious prosecution by the City of Naperville.

**COUNT III:**
**42 U.S.C. §1983 - Unconstitutional Custom, Pattern and/or Practice of Issuing Citations and Failure to Train and Supervise School Resource Officers**
*(Monell Claim)*
(Against City of Naperville, Officer Leon, and Sgt. Jonathan Pope)

25. Plaintiff incorporates and adopts each allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

26. This Count is brought by plaintiff against all defendants identified herein jointly, and severally.

27. Under the Fourteenth Amendments to the U.S. Constitution, Defendant City of Naperville is prohibited from engaging in and permitting its officers to engage in a pattern, practice, policy or custom of violating citizens' civil rights, and it is obligated to train and supervise officers in the recognition and handling of incidents of corruption, misuse of police powers, and civil rights violations committed by Defendant City of Naperville's officers, as well as recognizing patterns of systemic perpetuation of the same.

28. At all relevant times, Defendant City of Naperville, directly and through its officers and agents had an obligation to ensure that its officers, employees, and agents exercised the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the training,

5

supervision, and oversight of all employees, agents, and officers under its direction and control.

29. As identified supra, the training, supervision, and oversight required by City of Naperville and Sgt. Jonathan Pope regarding incidents of misuse of police powers and rights violations committed by Defendant City of Naperville's school resource officers was inadequate, indifferent, insufficient, or nonexistent, and Defendant City of Naperville, directly and through its employees, agents and officers, failed to exercise the requisite degree of care in the supervision of all employees, agents, and officers under its direction and control.

30. Sgt. Pope, as a ranking officer and school resource officer supervisor had actual or constructive knowledge of the pervasive and persistent pattern and practice that Officer Leon was engaged in conduct that violated clearly established rights, and that this conduct posed an unreasonable risk of Constitutional injury to Miss Harris.

31. As identified supra, ranking officers and supervisors had actual or constructive knowledge that City of Naperville school resource officers were engaged in widespread misconduct over a period of years that posed an unreasonable risk of Constitutional injury to plaintiff and other citizens and residents of the State of Illinois. City of Naperville's officers' conduct was so persistent and pervasive that it represented a custom or usage with the force of law.

32. In spite of this knowledge, Defendant City of Naperville, including ranking officers and supervisors within the Naperville Police Department, took no action to prevent or remedy the misconduct by its officers, and were deliberately

6

indifferent to the persistent Constitutional violations by City of Naperville officers whom they directly supervised. Defendants routinely failed to supervise and discipline their officers, thus allowing the misconduct to continue and flourish.

33. As a direct and proximate result of Defendants' actions or omissions identified herein, Miss Harris sustained emotional, economic, and reputational injuries, including, but not limited to pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses.

34. Defendants City of Naperville, Officer Leon, and Sgt. Pope subjected Miss Harris to these deprivations of rights maliciously and/or while acting with reckless disregard for, or with deliberate indifference to, Miss Harris's rights, resulting in injuries.

35. Defendants' actions or omissions as described herein were intentional, wanton, willful, and constituted a blatant and reckless disregard for Miss Harris's Constitutionally protected rights, and as such, plaintiff is entitled to compensatory damages.

## COUNT IV:
### 42 USC §1983 - Negligent Hiring, Training, Supervision and Retention
(Against Defendants City of Naperville & Sgt. Jonathan Pope)

36. Plaintiff incorporates and adopts each allegation contained in the preceding paragraphs of this Complaint, as if fully set forth herein.

37. This Count is brought by Plaintiff against all Defendants, City of Naperville and Sgt. Jonathan Pope herein, jointly and severally.

38. The individual Defendants identified herein are sued in their individual capacities.

39. At all times relevant to this Complaint, Defendant Sgt. Pope was acting under the color of state law as an officer employed by the City of Naperville.\

40. Defendant City of Naperville maintained a duty to use reasonable care in hiring, training, supervising, and retaining individuals who were competent and fit to perform the duties of a school resource officer.

41. Defendants City of Naperville and Sgt. Pope knew or should have known that Officer Leon proved unfit for his assigned duties. The Defendants are obligated to train and supervise officers in the recognition and handling of incidents of alleged student conduct, misuse of police powers, and rights violations committed by Defendant City of Naperville's officers, as well as recognizing patterns of systemic perpetuation of the same.

42. At all relevant times, Defendants City of Naperville and Sgt. Pope directly and through its officers and agents had an obligation to ensure that its officers, employees, and agents, exercised the same degree of care that a reasonable and prudent person would exercise in the same or similar situation with respect to the training, supervision, and oversight of all employees, agents, and officers under its direction and control.

43. As identified supra, the training, supervision, and oversight required by Defendants City of Naperville and Sgt. Pope regarding incidents of misuse of police powers, and rights violations committed by City of Naperville officers was inadequate, insufficient, or nonexistent, and Defendant City of Naperville, directly and through its employees, agents and officers, failed to exercise the

8

above requisite degree of care in the supervision of all employees, agents, and officers under its direction and control.

44. Defendants City of Naperville and Sgt. Jonathan Pope, through their agents and employees, supervised the Officer Defendants prior to and during the events at issue.

45. The ranking officers and supervisors had actual or constructive knowledge of the pervasive and persistent pattern and practice that its officers were engaged in conduct that violated citizen's clearly established rights, and that this conduct posed an unreasonable risk of Constitutional injury to Miss Harris.

46. It was readily foreseeable and highly predictable that failing to properly supervise Defendant City of Naperville's officers in the proper handling of incidents of corruption, misuse of police powers, and rights violation committed by Defendant City of Naperville's officers would, and in fact did, result in the violation of Miss Harris's Constitutional rights as alleged herein and Defendant City of Naperville was indifferent to the same.

47. As a direct and proximate result of Defendants' actions or omissions identified herein, Miss Harris sustained emotional, mental, and financial injuries, including, but not limited to mental anguish, humiliation, disgrace, loss of dignity, and other expenses, both economic and noneconomic.

48. Defendants City of Naperville, Sgt. Pope, and all other officers identified herein subjected Plaintiff to these deprivations of her rights with reckless disregard for or with deliberate indifference to whether Plaintiff's rights would be violated by

their actions and that such actions were the moving force in having such rights violated and incurring economic and noneconomic injury.

49. Defendants City of Naperville and Sgt. Pope's actions or omissions as described herein, were intentional, wanton, willful, and a blatant and reckless disregard for Miss Harris's constitutionally protected rights, and, as such, Miss Harris is entitled to compensatory damages from Defendants, jointly and severally.

### COUNT V:
### 42 USC § 1983 - Intentional Infliction of Emotional Distress
(Against All Defendants)

50. Plaintiff incorporates and adopts each allegation contained in the preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

51. This Count is brought by Plaintiff against the Defendants as identified herein, jointly and severally.

52. The individual Defendants identified herein are sued in their individual capacities. At all times relevant to this Complaint, Defendants were acting under the color of state law as police officers employed by Defendant City of Naperville.

53. Defendants intentionally subjected Miss Harris to emotional distress when they issued a citation for theft without legal justification, forcing her to defend against false accusations, expending economic resources to secure legal counsel, delay her college matriculation due to ongoing litigation, and continue to endure the stress of preparing for a trial that should have never been required.

54. Defendants' conduct was without legal justification and was improperly motivated by ill will and actual malice.

55. As a result of these acts, Plaintiff sustained emotional, mental, and financial injuries, including, but not limited to, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, and other expenses.

56. As a direct and proximate result of the Defendants' unlawful conduct, the Plaintiff suffered extreme emotional distress.

## COUNT VI:
## Discrimination Under the Illinois Civil Rights Act of 2003
(All Defendants)

57. Defendants deprived Plaintiff of her rights under the Illinois Constitution and the Illinois Civil Rights Act of 2003, 740 ILCS 23/, by issuing a baseless theft citation without probable cause and maliciously prosecuting her based on her race, and in retaliation for her mother's refusal to speak with police to approve unwarranted, alternative discipline.

58. Defendants' actions constituted racial discrimination, a denial of constitutional rights, intimidation, and retaliation against Plaintiff for exercising her protected rights, in violation of the Illinois Civil Rights Act.

59. As a result, Plaintiff suffered economic damages, emotional distress, humiliation, loss of dignity and other injuries entitling her to damages, injunctive relief, and attorneys' fees under 740 ILCS 23/5 and 23/13.

11

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

a. Compensatory damages in excess of $20,000,000 (twenty million dollars), in an amount to be determined at trial.

b. Punitive damages against the individual Defendants to deter future unconstitutional conduct.

c. Injunctive relief requiring the City of Naperville to implement training and oversight measures of the Naperville Police Department to prevent future violations.

d. Attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

e. Any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: May 21, 2024

**The Yeary Firm, LLC**

By: /s/ Sheridan T. Yeary
Sheridan Todd Yeary, Esq.; ID#: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*Attorney for Plaintiff*


**The Thomas Law Group**

By: /s/ Juan R. Thomas
Juan R. Thomas, Esq.; ID#: 6238240
525 N. Broadway, #575
Aurora, Illinois 60507
jt@juanthomaslaw.com
(312) 933-3734
*Attorney for Plaintiff*

12