**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Amara Harris<br>　　　Plaintiff,<br>c/o The Thomas Law Group<br>525 N. Broadway, #575<br>Aurora, IL 60507<br><br>　　　　　　v.<br><br>CITY OF NAPERVILLE, ILLINOIS,<br>A municipal corporation<br><br>**SERVE ON:**<br>Office of the City Attorney<br>City of Naperville, Illinois<br>400 S. Eagle Street<br>Naperville, IL 60540<br><br>and<br><br>Officer Juan Leon, ID #5439, individually,<br>1350 Aurora Ave.<br>Naperville, IL 60540<br><br>and<br><br>Sgt. Jonathan W. Pope #5368, individually<br>1350 Aurora Ave.<br>Naperville, IL 60540<br><br>　　　　　Defendants. | **Case #: <u>1:24-CV-04196</u>** |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

　　　Plaintiff, Amara Harris, by and through her undersigned counsel, hereby submits this

Response in Opposition to Defendants' Motion to Dismiss the Amended Complaint.

I.   Introduction

Plaintiff Amara Harris opposes Defendants' Motion to Dismiss, asserting that the Amended Complaint sufficiently alleges facts to support her claims. Defendants City of Naperville, Officer Juan Leon, and Sgt. Jonathan Pope move to dismiss on the grounds that the complaint fails to state a claim under Rule 12(b)(6). However, the Defendants' motion applies an overly stringent pleading standard and misapplies the applicable Rule. When taking the facts as true and drawing all reasonable inferences in Plaintiff's favor, as required at this stage, Plaintiff's allegations are more than adequate to survive dismissal.

The Amended Complaint sets forth detailed allegations regarding the discriminatory ticketing practices at Naperville North High School, the specific incident involving Plaintiff, and the broader context of the City's policies and customs. These allegations provide a clear basis for Plaintiff's claims of constitutional violations and state law torts.

II.   Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must present sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. The court should not assess the truth of the allegations or weigh evidence at this stage. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Instead, the plaintiff's burden is merely to provide enough detail to give the defendant fair notice of what the claims are and the grounds upon which they rest.

Moreover, as the Supreme Court has held, "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds

upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

### III. Equal Protection Claim (Count I)

Defendants argue that Plaintiff has failed to state a claim for violation of the Fourteenth Amendment's Equal Protection Clause because the Amended Complaint lacks sufficient allegations of discriminatory intent and disparate treatment. This argument mischaracterizes both the facts and legal standard.

To state a claim for selective enforcement under the Equal Protection Clause, a plaintiff must show: (1) membership in a protected class; (2) disparate treatment compared to similarly situated individuals outside the protected class; and (3) discriminatory intent. See *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Plaintiff has satisfied these elements by alleging that Officer Leon issued her a citation for theft as part of a broader discriminatory ticketing practice that disproportionately targeted Black students.

Contrary to Defendants' assertion, Plaintiff's race is clearly established in this case. The incident report filed by Officer Leon regarding the alleged theft explicitly identifies Ms. Harris as Black. This demonstrates that the defendants were aware of the plaintiff's race at the time of the issuance of the ticket, directly contradicting one of the key issues raised by the defendants.

The Amended Complaint contains specific allegations that Black students received 26% of all tickets issued, despite constituting only 4% of the student body at Naperville North High School. Plaintiff was ticketed without probable cause and subjected to a prolonged quasi-criminal proceeding for over three years, which ultimately ended in a jury verdict finding her "not liable" for municipal theft. These facts support an inference of

discriminatory enforcement and intent to single out Black students in violation of the Equal Protection Clause.

Furthermore, recent cases have affirmed the relevance of statistical evidence in discrimination claims. In *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015), the Supreme Court recognized the importance of statistical evidence in demonstrating discriminatory impact in housing discrimination cases. While this case dealt with the Fair Housing Act, its principles regarding the use of statistical evidence are applicable to Equal Protection claims.

The statistical evidence presented in the Amended Complaint, combined with the specific incident involving Plaintiff and the defendants' knowledge of her race, is sufficient to state a plausible claim of racial discrimination at this stage of the proceedings.

## IV. Monell Claim (Count III)

Defendants contend that the Monell claim should be dismissed because Plaintiff has not identified a specific policy or custom that caused the constitutional violation. However, Plaintiff has alleged a longstanding custom of discriminatory ticketing by the City of Naperville's police officers at Naperville North High School. To establish Monell liability, a plaintiff must show that a policy or custom was the "moving force" behind the constitutional violation. *Monell v. Dep't. of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978).

Plaintiff alleges that the City's policy or custom of using ordinance violation tickets as a disciplinary tool was specifically designed to circumvent state law prohibiting fines in schools. See *105 ILCS 5/10-22.6(i),* "A student may not be issued a monetary fine or fee as a disciplinary consequence…"

4

The City of Naperville's practice of issuing tickets and demanding fines disproportionately affected Black students, including Plaintiff, thereby establishing a direct causal link between the custom and the harm suffered. Plaintiff's Amended Complaint includes specific statistics and a documented history of the City's misuse of its ticketing powers, which were only discontinued in 2023 after public scrutiny. These allegations are sufficient to establish a plausible basis for municipal liability.

Recent Seventh Circuit cases have continued to recognize the viability of Monell claims based on unofficial customs or practices. In *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647 (7th Cir. 2021), the court reiterated that a plaintiff could demonstrate an unofficial policy through evidence of a widespread practice that is so permanent and well-settled that it constitutes a custom or practice with the force of law. The allegations in the Amended Complaint regarding the longstanding and widespread nature of the discriminatory ticketing practices are sufficient to meet this standard at the pleading stage.

**V.     Negligent Hiring, Training, and Supervision (Count IV)**

Defendants argue that Count IV fails because Plaintiff has not alleged facts showing how the City's or Sgt. Pope's training and supervision were deficient. However, Plaintiff alleges that the City and Sgt. Pope were deliberately indifferent to the known risks posed by Officer Leon's conduct. To establish a failure-to-train claim under §1983, a plaintiff must show that the municipality's training practices were inadequate, and that the inadequacy was the result of deliberate indifference. See *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Plaintiff's Amended Complaint details a pattern of constitutional violations arising from the City's practice of issuing tickets to students, and disproportionately to students of

5

color at Naperville North High School, which Sgt. Pope and other supervisors failed to address. The allegations are not merely conclusory; they show a persistent failure to train and supervise officers in how to comply with constitutional norms and a deliberate choice to disregard the known discriminatory impact of ticketing practices on Black students.

The Supreme Court has held that deliberate indifference can be proven by showing a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Here, the alleged pattern of discriminatory ticketing was so obvious that it should have prompted the City of Naperville to take corrective action. See *Board of County Comm'rs v. Brown*, 520 U.S. 397, 407-08 (1997).

**VI.    State Law Claims (Counts II and V)**

*A. Abuse of Process*

Defendants argue that the abuse of process claim should be dismissed because Plaintiff has not shown that the process was used for an improper purpose. Under Illinois law, abuse of process requires (1) the existence of an ulterior purpose or motive; and (2) an act in the use of process that is not proper in the regular course of proceedings. *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 929 (Ill. App. Ct. 2003).

Plaintiff alleges that the ticket was issued not to address any legitimate theft concerns, but because Officer Leon wanted to punish Plaintiff for her mother's refusal to cooperate in the issuance of a "station adjustment," which is a form of discipline solely within the control, discretion, and purview of the school resource officer. This ulterior motive, combined with the misuse of the ticketing process to initiate a legally baseless action, constitutes abuse of process. Plaintiff's allegations go beyond the mere issuance of a ticket

6

and show a misuse of legal process for the improper purpose of harassing and discriminating against Plaintiff.

Illinois courts have held that abuse of process requires a showing that the process was used to accomplish some result beyond the purview of the process. *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 968 (1972). Here, Plaintiff has alleged that the ticketing process was used to punish, harass, and discriminate, which goes beyond the legitimate purpose of addressing student misconduct.

### B. Intentional Infliction of Emotional Distress (IIED)

Defendants claim that Plaintiff has not alleged sufficiently "extreme and outrageous" conduct to state a claim for IIED. However, under Illinois law, IIED requires conduct that is so extreme and outrageous that it goes beyond all bounds of decency. *Schweihs v. Chase Home Fin., LLC*, 77 N.E.3d 50, 63 (Ill. 2016).

Plaintiff alleges that Defendants' actions—issuing a baseless ticket to a high school student, maintaining a three-year-long prosecution built upon legally insufficient and bases and retaliatory conduct, and causing disruptions to Plaintiff's educational pursuits and future plans—amount to conduct that is sufficiently outrageous to support an IIED claim. The cumulative effect of these actions caused severe emotional distress to Plaintiff, and whether the conduct rises to the level of "extreme and outrageous" is a fact-intensive inquiry reserved for the factfinder that should not be resolved on a motion to dismiss.

The Illinois Supreme Court has outlined factors to consider in determining whether conduct is extreme and outrageous, including abuse of power or authority. *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988). The alleged abuse of police authority in targeting a high

school student with baseless charges could be considered an abuse of power that meets this standard.

**VII. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests:

A. The Court deny Defendants' Motion to Dismiss in its entirety. The Amended Complaint provides sufficient factual allegations to state plausible claims for relief on all counts. At this stage, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in Plaintiff's favor. The plausibility standard does not require a showing of probability, only a reasonable expectation that discovery will reveal evidence supporting the allegations.

B. In the alternative, if the Court finds any deficiency in the pleading, Plaintiff requests leave to amend to address any issues identified.

Respectfully submitted,

**The Yeary Firm, LLC**
By: /s/ Sheridan T. Yeary
Sheridan T. Yeary, Esq.; #: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*Attorney for Plaintiff*


**The Thomas Law Group**

By: /s/ Juan R. Thomas
Juan R. Thomas, Esq.; ID#: 6238240 525 N. Broadway, #575
Aurora, Illinois 60507
jt@juanthomaslaw.com
(312) 933-3734
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Amended Complaint was filed with the Clerk of the U.S. District Court for the Northern District of Illinois and all parties of record using the CM/ECF system.

**The Yeary Firm, LLC**
By: /s/ Sheridan T. Yeary
Sheridan T. Yeary, Esq.; #: 201218001
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
*Attorney for Plaintiff*

**The Thomas Law Group**

By: /s/ Juan R. Thomas
Juan R. Thomas, Esq.; ID#: 6238240 525
N. Broadway, #575
Aurora, Illinois 60507
jt@juanthomaslaw.com
(312) 933-3734
*Attorney for Plaintiff*