UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMARA HARRIS, ) | |
| ) | |
| Plaintiff ) | Case No. 24-cv-4196 |
| ) | |
| vs. ) | Hon. John J. Tharp |
| ) | |
| CITY OF NAPERVILLE, ILLINOIS, ) | |
| a municipal corporation, ) | |
| OFFICER JUAN LEON, and ) | |
| SGT. JONATHAN W. POPE, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE
12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## INTRODUCTION

Plaintiff Amara Harris' response brief is an exercise in generalities and non-responsiveness. But platitudes do not equal plausibility, and refusing to grapple with unfavorable precedent does not make it vanish. Plaintiff's response brief fails to close the gaps in the legal claims she has chosen to bring. Dismissal of her amended complaint is therefore warranted.

## ARGUMENT

### I. The Federal Claims Should Be Dismissed.

#### A. The Equal Protection Claim Fails.

Plaintiff's defense of her Count I Equal Protection claim for alleged "selective enforcement" fails for three reasons. First and foremost, even though she recognizes that a selective enforcement claim requires showing that "similarly situated" persons outside the protected class were treated differently, (Pl.'s Resp. to MTD, p. 3), she offers nothing to show how other students are "similarly situated" to herself. *United States v. Armstrong*, 517 U.S. 456

1

(1996), which she cites, teaches that a "selective enforcement" claim demands more than merely counting the number of prosecutions and the race of the person prosecuted. Rather, one must show "that similarly situated defendants of other races could have been prosecuted but were not." *Id.* at 469. Nowhere does Harris' complaint make any such allegation, let alone make such an allegation in a manner that goes beyond a "label or conclusion."

Second, Harris ignores the fact that her own complaint expressly alleges that Officer Leon was motivated by personal *spite* and does not allege that he wrote the ticket because she was Black. (*Cf.* AC ¶¶ 15–17 *with id.* ¶¶ 24–27) Nor, as noted above, does it allege that Officer Leon could have ticketed non-Black students in a similar position to Harris but did not. Spite and race are not the same thing. State action based on those different motivations give rise to different claims. Harris' silence does not erase the gap between her theory and the facts alleged.

Third, in an apparent attempt to fill this gap, Harris insists that Officer Leon ticketed Harris "as part of a broader discriminatory ticketing practice." (Pl.'s Resp. to MTD p. 3) This won't work. Allegations about a "broader … practice" are *Monell* allegations. They are irrelevant to her claims against the individual officers. Mashing parts of two inadequate claims together does not result in one viable claim. Count I fails to stand on its own and should be dismissed.

### B.  The Pattern or Practice *Monell* Claim Fails.

Harris begins her response on this issue by doubling down on her argument that Naperville North's ticketing of students violates *Illinois* law. (Pl.'s Resp. to MTD p. 4) But repeating this talking point does not alter circuit precedent that "violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal

2

constitution has been established." *Thompson v. City of Chi.*, 472 F.3d 444, 454 (7th Cir. 2006); *see also Pasiewicz v. Lake County Forest Pres. Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) (same).

Next, Harris contends that she has adequately pleaded this count by showing "specific statistics." (Pl.'s Resp. to MTD p. 5) To be sure, she has given top-level statistics about the percentages of Black and White students at Naperville North and percentage of issued tickets each received.[1] But again, generalized statistics do not create the inference of discrimination because they do not speak to whether the persons of different races were genuinely similarly situated. *Chavez v. Ill. State Police*, 251 F.3d 612, 637–39 (7th Cir. 2001). The Defendants' initial brief discussed *Chavez*; Harris' response does not mention, let alone refute, the case.

Third, Harris points out that *Monell* claims can be based on unofficial customs and practices. (Pl.'s Resp. to MTD p. 5) This is true; it is also a truism. It does not speak to what plaintiffs must allege in order to plead a plausible claim of that type.

Dozens of cases in this district, however, *have* addressed that question. Those cases have repeatedly found that a plaintiff cannot bring a "widespread practice" *Monell* claim based on his or her own experience and a conclusory statement that the alleged conduct occurs frequently. The Defendants cited numerous such cases in their initial brief. (Dkt. #17, Defs.' Memo re MTD p. 7, 7 n.4 (citing nine such cases)). Harris ignored them and cited none of her own. This Court should follow the mainstream of case law in this district and dismiss her *Monell* claim.

---

[1] It bears repeating that while Harris' own statistics show that Black students received a much higher percentage of the tickets than their percentage of the student body population, they do *not* show that White students received a *lower* percentage. Rather, White students were also ticketed at a rate above their representation in the study body, albeit with a far smaller gap than exists for Black students. (AC ¶¶ 8–9) Harris' allegations leave a significant percentage of the student body and of the tickets issued unaccounted for. This silence undercuts the plausibility of her claims. It also underscores the Supreme Court's wisdom in *Armstrong* of requiring more than head counting for a selective enforcement claim.

Finally, to the extent Harris is arguing that those cases (and the Seventh Circuit precedent on which they rely) do not apply because she has alleged a statistical disparity between the percentage of tickets received by Black students and in relation to their percentage of the student population, she is mistaken. She cannot avoid *Armstrong* and *Chavez* by turning her selective prosecution claim into a *Monell* claim. She needs plausible factual allegations that *either* other specific students were ticketed without probable cause, or plausible factual allegations that non-Black students who could have been ticketed were not. She has neither.

**C. The Negligent Hiring and Training *Monell* Claim Fails.**

Harris concedes that even though she has styled her *Monell* claim in Count IV as "negligent" hiring, training, and supervision, she must show that the City's hiring and training practices were "the result of deliberate indifference." (Pl.'s Resp. to MTD p. 5) This matters, because "deliberate indifference" is a far higher threshold than negligence.

It is also a threshold she cannot meet. As the Defendants' initial brief noted, the U.S. Supreme Court held in *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 (1997), that any hiring-based *Monell* claim requires "a finding that this officer was highly likely to inflict the particular injury suffered by the plaintiff." *Id.* at 412. Harris' response never mentions *Brown*. Nor does it explain what facts in her complaint permit a finding that Officers Leon and Pope were "highly likely" to inflict the particular injuries she sustained. Courts in this district have repeatedly relied on *Brown* to dismiss hiring-based *Monell* claims on these grounds. *See*, *e.g.*, *Montgomery v. Vill. of Phoenix, Ill.*, 2022 WL 2316232, at *3 (N.D. Ill. June 28, 2022); *Cravatta v. Lopez*, 2016 WL 5871508, at *13 (N.D. Ill. Oct. 7, 2016). The same result is warranted here.

4

The "failure to train" portion of Count IV can be dismissed even more swiftly. The rigorous culpability and causation requirements for all *Monell* claims are at their highest in "failure to train" claims. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). As another judge in this district put it in a succinct understatement: "Failure to train claims are difficult to make." *Petropoulos v. City of Chi.*, 448 F. Supp. 3d 835, 843 (N.D. Ill. 2020).

Generalized allegations and top-level statistics will not suffice. A plaintiff must allege what specific training was lacking and connect the dots as to how it was *that specific lack of training*, and not some other source, that caused their injuries. *See, e.g.*, *Carmona v. City of Chi.*, 2018 WL 306664, at *3 (N.D. Ill. Jan. 5, 2018) (dismissing failure to train *Monell* claim for not doing this). Harris has not done this, so Count IV must be dismissed.

## II. THE STATE LAW CLAIMS SHOULD BE DISMISSED.

### A. The Abuse of Process Claim Fails Because Alleging Bad Motives is Not Enough.

As Plaintiff's brief recognizes, an "abuse of process" tort claim requires an "act in the use of process that is not proper in the regular course of proceedings." (Pl.'s Resp. to MTD p. 6 (citing *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 929–30 (Ill. App. 2nd Dist. 2003)). But Harris does not allege any such irregular *act*. Rather, she claims that she satisfies this requirement because she has alleged that Officer Leon issued the ticket out of personal vindictiveness because he was mad at her mother. (Pl.'s Resp. to MTD p. 6)

This misses the point. Malignant *motivations* do not suffice for an abuse of process claim: "mere institution of a suit or proceeding, even with a malicious intent or motive, does not itself constitute an abuse of process." *Holiday Magic, Inc. v. Scott*, 282 N.E.2d 452 (Ill. App. 1st Dist. 1972). Harris fails to counter (or even acknowledge) this holding from *Holiday Magic* even though

5

she cites the case. (*See* Pl.'s Resp. to MTD p. 7 (citing *Holiday Magic*)). Nor does she cite any case finding that alleging bad motives satisfied the second element of an abuse of process claim.

There is no such case. *Holiday Magic*'s holding has remained the law for over fifty years. This Court should not disrupt a settled principle of Illinois tort law and thereby water down the requirements for an abuse of process claim. That claim must be dismissed.

    **B. The Intentional Infliction of Emotional Distress Claim Fails Because Plaintiff Ignores Illinois Case Law Finding IIED Inapplicable in Similar Scenarios.**

Plaintiff argues that "issuing a baseless ticket to a high school student" and continuing to prosecute that ticket through adjudication is sufficient to support an IIED claim. (Pl.'s Resp. to MTD p. 7) The problem for Plaintiff is that the Illinois courts have already decided that false accusations of illegal conduct do not suffice for an IIED claim.

The leading case on point is *Khan v. American Airlines*, 639 N.E.2d 210 (Ill App. 1st Dist. 1994), which the Defendants' brief cited and Harris, true to form, ignores. *Khan*, it bears repeating, dealt with allegations that the plaintiff was not merely falsely accused of stealing an airline ticket, but *framed*, leading to his arrest on criminal charges while en route to his father's funeral. *Id.* at 211–12. If that does not suffice as a matter of law, neither does conduct leading to Harris facing meritless charges in a proceeding she concedes to be merely "quasi-criminal." (Pl.'s Resp. to MTD p. 3) Harris likewise ignores the other cases in the Defendants' brief.

Instead, she argues that abuse of authority is one factor in determining if the high standard for IIED is met. (Pl.'s Resp. to MTD p. 7) That is true as far as it goes, but saying something is "one factor to be considered" is a far cry from saying it is a *per se* basis for such a claim, which is what Harris is trying to do. If she were right, every contestable traffic ticket would permit an IIED claim. But she is not right, and the IIED claim should be dismissed.

6

## **CONCLUSION**

Therefore, for the reasons stated above, the Defendants respectfully ask that this Court GRANT their motion to dismiss.

Respectfully submitted,

**s/ G. David Mathues**
MICHAEL D. BERSANI, # 06200897
G. DAVID MATHUES, # 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
630-773-4774
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMARA HARRIS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 24-cv-4196 |
| | ) | |
| vs. | ) | Hon. John J. Tharp |
| | ) | |
| CITY OF NAPERVILLE, ILLINOIS, | ) | |
| a municipal corporation, | ) | |
| OFFICER JUAN LEON, and | ) | |
| SGT. JONATHAN W. POPE, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, I electronically filed the foregoing ***Defendants' Reply In Support Of Their Rule 12(B)(6) Motion To Dismiss Plaintiff's Amended Complaint,*** with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

**TO:** Sheridan T. Yeary, Esq.  
The Yeary Firm, LLC  
P. O. Box 682  
Columbia, MD 21045  
styeary@yearylegal.com

Juan R. Thomas, Esq.  
The Thomas Law Group  
525 N. Broadway, Ste. 575  
Aurora, IL 60507  
jt@juanthomaslaw.com

**/s/ G. David Mathues**  
G. DAVID MATHUES, # 06293314  
MICHAEL D. BERSANI, #.: 06200897  
*Attorneys for Defendants*  
HERVAS, CONDON & BERSANI, P.C.  
333 Pierce Road, Suite 195  
Itasca, IL 60143-3156  
630-773-4774  
dmathues@hcbattorneys.com  
mbersani@hcbattorneys.com

8